THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

I.A.M. NATIONAL PENSION FUND,

and

YOLANDA MONTGOMERY,
Executive Director of the I.A.M. National Pension Fund

99 M St., SE, Suite 600
Washington, DC 20003

                Plaintiffs,

vs.

OESTREICH SALES AND SERVICE INC.
102 Mills Rd
Joliet, Illinois 60433

                Defendant.

Civil Case No. :_____

## COMPLAINT

Plaintiffs, I.A.M. National Pension Fund (the "Fund"), and Yolanda Montgomery in her capacity as Executive Director of the Fund (collectively, "Plaintiffs"), bring this action against Oestreich Sales and Service, Inc. ("Defendant"), stating as follows:

### NATURE OF THE ACTION

1. This is an action under the Employment Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1001 *et seq*.

2. Plaintiffs seek legal and equitable relief to redress Defendant's failure to pay monthly contributions and provide records of covered employee hours worked ("remittance reports"), in violation of 29 U.S.C. §§ 1132(a)(3) and 1145.

**JURISDICTION & VENUE**

3. This Court has subject matter jurisdiction over this action pursuant to 29 U.S.C. § 1132(e)(1), because the district courts of the United States have been granted exclusive jurisdiction of civil actions brought by fiduciaries under ERISA.

4. This Court has personal jurisdiction over Defendant pursuant to ERISA's nationwide service of process provision 29 U.S.C. § 1132(e)(2), because Defendant's principal place of business is in this District.

5. Venue is proper pursuant to 29 U.S.C § 1132(e)(2), because Defendant's principal place of business is in this District.

**PARTIES**

6. The Fund is an "employee pension benefit plan" and "pension plan" as defined by 29 U.S.C. § 1002(2)(A).

7. The Fund is a "multiemployer plan" as defined by 29 U.S.C. § 1002(37).

8. The Board of Trustees of the I.A.M. National Pension Fund ("Trustees"), pursuant to their authority under the Fund's Amended and Restated Agreement and Declaration of Trust ("Trust Agreement"), have authorized the Fund's Executive Director, Yolanda Montgomery, to initiate litigation on the Fund's behalf, and she brings this action pursuant to such authority and solely in her capacity as fiduciary of the Fund.

9. The Fund's offices are located at 99 M Street SE, Suite 600, Washington, DC 20003.

10. Defendant is an "employer" pursuant to 29 U.S.C. § 1002(5).

11. Upon information and belief, Defendant is a corporation formed under the laws of the State of Illinois, with its principal place of business at 102 Mills Rd Joliet, Illinois 60433.

2

**FACTS**

12. At all times relevant to this action, Defendant was party to a collective bargaining agreement ("CBA") with local and district lodges affiliated with the International Association of Machinists and Aerospace Workers (collectively, "Union").

13. The CBA binds Defendant to the Fund's Trust Agreement, as well as any amendments and policies promulgated by the Trustees pursuant to their authority under the Trust Agreement.

14. The CBA and Trust Agreement require that Defendant make pension contributions for eligible employees.

15. Under Article V § 4 of the Trust Agreement, "[e]mployer[s] shall be obligated to make Contributions when due…[and] [i]f the Employer fails to make such Employer Contributions when due, the Employer shall be liable for liquidated damages of 20% of the amount due and simple interest shall be paid on all amounts due at the rate of 18% per annum from the date of the delinquency until the due date payment is received."

16. Section 2 of the Fund's Policy for the Collection of Delinquent Contributions ("Contributions Policy"), promulgated by the Trustees pursuant to their authority under the Trust Agreement, requires contributions to be remitted to the Fund no later than "the twentieth (20th) day of the month following the month for which the Contributions are being paid."

17. The Contributions Policy states that "Contributions shall become delinquent if not received by the Fund on or before the last business day of the month in which Contributions are due."

18. Defendant has failed to submit monthly contributions to the Fund beginning in June 2020 through the present.

3

19. The Fund estimates that Defendant owes $453,885.02 in unpaid contributions in total. This number is subject to change once the Fund receives remittance reports and completes an audit of the Defendant's payroll and wage records.

20. These unpaid contributions are delinquent under the Contributions Policy and the Trust Agreement.

21. Interest has and will continue to accrue during the pendency of this litigation on all unpaid contributions in accordance with the Trust Agreement.

22. Article V § 3 of the Trust Agreement requires "employers [to] make all reports on Contributions required by the Trustees."

23. Section 3 of the Contributions Policy states that employers "shall submit a remittance report…each month…to provide information necessary for the Fund to determine Contributions owed for such month."

24. The Contributions Policy requires remittance reports to be submitted no later than "the twentieth (20th) day of the month following the month for which the Contributions are being paid."

25. Under the CBA and Trust Agreement, Defendant is obligated to submit remittance reports to the Fund.

26. Defendant has failed to submit remittance reports to the Fund beginning in January 2021 through the present.

27. Failure to provide remittance reports prevents the Fund from recording hours of work for each participant in order to calculate their vesting and benefit accrual for their pension benefits.

28. Under the Contributions Policy, if the employer fails to submit a remittance report to the Fund, "the Contribution for such month shall be deemed to be unpaid."

29. Additionally, the Contributions Policy provides that "[i]f an Employer fails to submit a [remittance] Report timely, the Fund may…take steps to conduct a payroll audit of that Employer as set forth in the Fund's Payroll Audit Policy."

30. Plaintiffs have complied with all conditions precedent in bringing this action.

31. A copy of this Complaint has been served upon the Secretary of Labor and the Secretary of the Treasury by certified mail as required by 29 U.S.C. § 1132(h).

## COUNT I

**Failure to Pay Monthly Contributions in Violation of 29 U.S.C. §§ 1132(a)(3) & 1145.**

32. Plaintiffs incorporate by reference paragraphs 1 through 31 of this Complaint as though fully set forth herein.

33. The Fund is a "multiemployer plan" as defined by 29 U.S.C. § 1002(37) and as the term is used by 29 U.S.C. § 1145.

34. Defendant is obligated to submit monthly pension contributions on behalf of covered employees to the Fund under the CBA, Trust Agreement, and the Contributions Policy.

35. Defendant has failed to make monthly contributions to the Fund beginning from June 2020 to the present.

36. Defendant has a continuing obligation to make monthly contributions to the Fund, and Plaintiffs intend to seek judgment in this action for any future contributions that become delinquent pursuant to the Trust Agreement and Contributions Policy.

37. As of the date of filing, the Fund estimates that Defendant owes the Fund $453,885.02 in delinquent unpaid contributions. This number is subject to change once the Fund

5

receives the proper remittance reports for each location and completes an audit of Defendant's payroll and wage records.

38. By failing to make monthly contributions to the Fund as required by the CBAs, the Trust Agreement, Defendant has violated ERISA and owes a total of $453,885.02, plus any future delinquent contributions, past and accruing interest, attorneys' fees and costs, and an amount equal to the greater of the interest on the unpaid contributions or liquidated damages of twenty (20) percent of the amount due, in accordance with the Trust Agreement and 29 U.S.C. § 1132(g)(2)(A–E).

## COUNT II

**Failure to Provide Remittance Reports in Violation of 29 U.S.C. §§ 1132(a)(3) & 1145.**

39. Plaintiffs incorporate by reference paragraphs 1 through 38 of this Complaint as though fully set forth herein.

40. Defendant is obligated to submit remittance reports to the Fund under the CBA, Trust Agreement, and the Contributions Policy.

41. Defendant has failed to provide remittance reports beginning from January 2021, through the present date.

42. By failing to provide remittance reports to the Fund as required by the CBA, the Trust Agreement, and the Fund's Contributions Policy, Defendant has violated its obligations to the Fund under the CBA and Trust Agreement, in violation of 29 U.S.C. §§ 1132(a)(3) & 1145.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that judgment be entered in their favor and against Defendant, Oestreich Sales and Service Inc., as follows:

(a) Equitable relief in the form of an Order requiring Defendant to submit to an audit of its payroll and wage records for the period of January 1, 2020, through the date of compliance, and to submit remittance reports to the Fund for the period of January 2021, through the date of compliance, in accordance with its obligations to the Fund, under the terms of the CBA and the Trust Agreement, pursuant to 29 U.S.C. §§ 1132(a)(3), (g)(2)(E), & 1145.

(b) Enter judgment for Plaintiffs in the amount of $453,885.02 plus unpaid contributions that become delinquent during the pendency of this litigation, interest, attorneys' fees and costs incurred in this action, and an amount equal to the greater of interest on the unpaid contributions or liquidated damages of twenty percent (20%) of the amount due, as required under the Trust Agreement and 29 U.S.C. § 1132(g)(2)(A–E).

(c) Retain jurisdiction over the case to enforce any order awarding Plaintiff's request for a payroll audit and to permit the presentation of any findings for a court award of any contributions and interest determined to be owed based on the audit, and to award any attorneys' fees, liquidated damages, and costs in accordance with 29 U.S.C. § 1132(g).

(d) Any other legal or equitable relief as this Court deems just and proper.

Dated: May 18, 2025

Respectfully Submitted,

I.A.M. National Pension Fund and Trustees, and Yolanda Montgomery, in her capacity as Executive Director of the Fund

By: /s/ Denise M. Clark
Denise Clark (6196006)
General Counsel
IAM National Benefit Funds
99 M Street, SE, Suite 600
Washington, DC 20003
Telephone: (202) 785-2658 Ext. 646
Fax: (202) 471-2961
dclark@iamnpf.org